**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **KATHY J. COOPER,** | ) | COMPLAINT-CLASS ACTION |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| **AT&T MOBILITY, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CLASS ACTION COMPLAINT

1. Plaintiff Kathy J. Cooper is a resident of New Castle County, Delaware, residing at 35 Browns Lane, Newark, Delaware 19702. Mrs. Cooper is an individual consumer who is a customer of AT&T Mobility, LLC and specifically has purchased a wireless data plan that permits access to the internet by a radio device.

2. Defendant AT&T Mobility, LLC (hereafter "AT&T") is a Delaware corporation in good standing and is authorized to do business in Delaware. Defendant AT&T Mobility, LLC maintains its principal place of business at 5565 Glenridge Connector, Glenridge Two, Atlanta, GA 30342, but may be served in Delaware by serving its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington DE 19801.

3. Venue is proper in this Court as Plaintiff is a resident of New Castle County, Delaware.

4. On information and belief, Plaintiff and the Class have been damaged in an amount that exceeds $5 million in the aggregate.

## FACTS COMMON TO ALL COUNTS

5. AT&T sells wireless data plans to consumers by contract on a monthly payment plan. The purchase of a wireless data plan permits purchasers of the plan to obtain access to the

internet remotely either on a computer or on a so-called smart phone such as an i-Phone, a Blackberry, or a similar device.

6. Where access is by computer only, AT&T charges a monthly fee for the use of a datacard. The datacard permits its user to connect a computer to the internet wirelessly through a radio device embedded in the computer or through a device that connects to the computer through a PCMCIA card or USB port. The data card does not transmit voice or pictures independently of the internet.

7. Where AT&T's wireless data plans are sold to owners of smart phones, AT&T bills for internet access with a separate line item on the AT&T monthly bill. Generally speaking, the plans cost consumers $30 per month. Plaintiff has such a plan and pays charges totaling approximately $30 per month to AT&T.

8. For certain kinds of access, AT&T charges owners of smart phones $45 per month for internet access. This plan permits users to access dedicated email servers through the internet.

9. Section 5502 of the Delaware Code, 30 Del. C. §5502(a), imposes a utility tax on "intrastate mobile telecommunications services" at a rate of 5.00%.

10. 30 Del. C. §5502(a) specifically excludes charges for internet access from utility tax:

> A tax is imposed on...intrastate mobile telecommunication services at the rate of 5.00% of the charges for such services excluding any charges for Internet access as defined in §5501[7] of this title.

Section 5501(7) defines "Internet access" as follows:

> the provision of a computer and communication service through which a customer using a computer and a modem or other communications device may access content, information, electronic mail or other services offered over the Internet and may also include access to proprietary content, information, and other services as part of a package of services offered to users; the term "Internet access" does not includes any services defined in paragraphs(1)a.(iii) and (iv) of this section, except to the extent

>such services are purchased, used, or sold by a provider of Internet access to provide Internet access.

See also Section 5501(8)b of the Delaware Code. "'Intrastate mobile telecommunications services' shall not include separately stated electronic paging services, internet access, and interstate wireless data services." 30 Del. C. §5501.

11. AT&T states the charges for internet access as a separate charge on its bills to customers.

12. The Internet Tax Freedom Act, 47 U.S.C. § 151 (1998) as amended, bars state and local government from imposing taxes on internet access. "No State or political subdivision thereof shall impose any of the following taxes during the period beginning November 1, 2003, and ending November 1, 2014: … (1) Taxes on Internet access."

13. Under the Internet Tax Freedom Act, the phrase "internet access" means: "a service that enables users to connect to the Internet to access content, information, or other services offered over the Internet; (B) includes the purchase, use or sale of telecommunications by a provider of a service described in subparagraph (A) to the extent such telecommunications are purchased, used or sold.-- (i) to provide such service; or (ii)to otherwise enable users to access content, information or other services offered over the Internet[.]"

14. Despite the prohibition on taxation of internet access under Delaware and federal law, AT&T improperly and illegally charges its Delaware customers state and local utility tax on internet access on its monthly bills.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all Delaware consumers who entered into a contract with AT&T for the provision of internet access through a smart phone or a wireless data card.

16. The Class consists of all Delaware consumers who contracted with AT&T to provide internet access through an AT&T system smart phone or an AT&T datacard who were charged tax on internet access.

17. Plaintiff Kathy J. Cooper is a member of the Class which she seeks to represent.

18. The Class consists of thousands of individuals and therefore is so numerous that joinder is impracticable.

19. Plaintiff's claims are typical of the claims of the Class because she and all members of the Class have sustained damages as a result of AT&T's charging of utility tax for internet access.

20. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including but not limited to the following:

   a. whether AT&T charged the Plaintiff and the Class utility tax on internet access in violation of the Delaware utility tax law;

   b. whether AT&T's improper charging of utility tax constituted a breach of the covenant of good faith and fair dealing to the Plaintiff and the Class under Delaware law;

   c. whether AT&T's improper charging of utility tax violated Delaware Consumer Fraud laws;

   d. whether AT&T should be enjoined from collecting utility tax on internet access;

   e. Whether AT&T should be required to seek a refund of utility taxes paid to the Delaware tax authorities and to return any tax refund to Plaintiff and members of the Class.

21. All common questions are able to be resolved through the same factual occurrences as specifically and/or generally alleged herein.

22. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has no claims antagonistic to those of the Class. Plaintiff has retained competent and experienced counsel in complex Class actions, mass tort and products liability litigation. Counsel is committed to the vigorous prosecution of this action.

23. The prosecution of separate actions by the Plaintiff and individual members of the Class against AT&T would create a risk of inconsistent or varying adjudications on the common issues of law and fact related to this action.

24. A Class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

25. The expense and burden of litigation would substantially impair the ability of the Class members to pursue individual cases to protect their rights.

26. Class certification under Rule 23(b)(1) is appropriate because adjudications with respect to individual members of the Class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications.

27. Class certification under Rule 23(b)(2) is appropriate because AT&T has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole in that AT&T has refused to cease collecting utility tax for internet access.

28. Class certification under Rule 23(b)(3) is appropriate because the common issues of fact and law alleged herein are common to the Class and predominate over any questions affecting only individual members, thereby rendering the Class action superior to all other available

methods for the fair and efficient adjudication of this controversy.

29. Class certification is also appropriate pursuant to Delaware law because, as set forth in the Complaint, AT&T has acted and/or refused to act on grounds generally applicable to Plaintiff and the Class, thereby warranting appropriate injunctive and/or declaratory relief.

## COUNT I

## BREACH OF CONTRACT

30. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 29 of the Complaint.

31. AT&T and Plaintiff entered into a written contract.

32. The written contract is a form contract used by AT&T with all its customers similarly situated to Plaintiff.

33. The contract between AT&T and Plaintiff permits AT&T to charge for its services including internet access on a monthly basis and permits AT&T to charge Plaintiff for all applicable and legally due federal, state and local taxes.

34. The contract does not permit AT&T to charge for taxes that are not due under law, including taxes for access to the internet.

35. Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff utility tax for internet access.

36. In so doing, AT&T breached its contract with Plaintiff and the Class.

37. As a result of the breach of contract, Plaintiff and the Class were damaged in the amount of utility tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiff and the Class.

38. The statute of limitations for breach of a written contract under Delaware law is three years. 10 Del C. § 8106.

## COUNT II

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

39. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 38 of the Complaint.

40. AT&T's breaches of the form Contract with the Plaintiff and the Class, as alleged above, also constitute a breach of AT&T's covenant of good faith and fair dealing to the Plaintiff and the Class, which is imputed into every Contract in Delaware under the common law of Delaware and the Restatement (Second) of Contracts §205.

41. AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Class by unfairly charging the Plaintiff and the Class state and local utility tax for internet access.

42. The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Class economic damages.

## COUNT III

## VIOLATION OF DELAWARE CONSUMER FRAUD LAWS

43. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 42 of the Complaint.

44. The Delaware Consumer Fraud Act was enacted to prohibit, and protect persons from unfair or deceptive merchandising practices.

45. A sale of services enabling internet access constitutes "merchandise" within the meaning of the Consumer Fraud section of the Delaware Code.

46. In failing to inform Plaintiff and the Class that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Class of a material fact in connection with the sale of merchandise in violation of §2513 of the Delaware Code.

47. The aforementioned violations of Delaware law have caused Plaintiff and the Class substantial and ascertainable loss of money and/or property and other damages.

48. Plaintiff has been forced to hire attorneys to enforce her rights under the law.

## COUNT IV

## VIOLATION OF DELAWARE CONSUMER FRAUD LAW

### Injunctive Relief

49. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 48 of the Complaint.

50. AT&T continues to charge Plaintiff state and local utility tax on the sale of internet access.

51. The charging of state and local utility tax on the sale of internet access when no such tax is due is a violation of §§ 2513 and 5502, as pleaded in Count III.

52. Section 2523 of the Delaware Code permits the Court to enter injunctive relief to stop AT&T's violations of the law by continuing to charge state and local utility taxes on the provision of internet access.

## COUNT V

## INJUNCTIVE RELIEF

53. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 52 of the Complaint.

54. AT&T's continued charging of Plaintiff and the Class of state and local utility tax on the sale of internet access results in a continuing harm to Plaintiff and the Class in that Plaintiff and the Class must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

55. Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Class state and local utility tax for internet access services.

56. Plaintiff and the Class have no adequate remedy at law in that damages can only address state and local utility tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

57. Plaintiff and the Class have no adequate remedy at law to stop the collection of such taxes.

58. Plaintiff and the Class seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local utility taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, Plaintiff on behalf of herself and the Class seeks the following relief:

A. Damages in the amount of state and local utility tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B. Damages for Plaintiff and the Class in the amount of state and local utility tax improperly charged by AT&T on sales of internet access in violation of the Delaware Consumer Fraud laws.

C. Disgorgement of all funds collected by AT&T as state and local utility tax sales of internet access not remitted to the state of Delaware or any local taxing authority and return of such funds to the Plaintiff and members of the Class.

D. An order of this Court enjoining the collection by AT&T of state and local utility tax on sales of internet access.

E. Attorneys fees as permitted by either the common law, 10 Del. C. § 5101, or equity.

F. Prejudgment interest in the statutory amount.

G. All costs of this action recovery for which is permitted by law.

H. Such other and further relief as the Court deems proper.

Date:  December 23, 2009

>Respectfully submitted,
>
>CAMPBELL & LEVINE, LLC
>
>*/s/ Marla Rosoff Eskin*
>Marla Rosoff Eskin (No. 2989)
>Kathleen Campbell Davis (No. 4229)
>800 N. King Street, Suite 300
>Wilmington, Delaware 19801
>302-426-1900
>302-426-9947 (fax)
>meskin@camlev.com
>kdavis@camlev.com
>
>Edward D. Robertson, Jr.
>Mary D. Winter
>Bartimus, Frickleton, Robertson & Gorny, P.C.
>715 Swifts Highway
>Jefferson City, Mo. 65109
>573-659-4454
>573-659-4460 (fax)
>chiprob@earthlink.net
>marywinter@earthlink.net

James P. Frickleton,
Bartimus, Frickleton, Robertson & Gorny, P.C.
11150 Overbrook Road
Suite 200
Leawood, KS 66211
913-266-2300
913-266-2366 (fax)
jimf@bflawfirm.com


Harry Huge
Theodore Huge
The Huge Law Firm LLC
Suite 3016
1080 Wisconsin Ave, N.W.
Washington, D.C. 20007
202-965-4672
harryhuge@comcast.net
thh@thehugelawfirm.com

and

Theodore Huge
Theodore Huge Law Firm LLC
31 Broad Street
Charleston, SC  29401
843 793 4702
thh@thehugelawfirm.com


ATTORNEYS FOR PLAINTIFFS